1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   PATRICK FRANCIS CUMMINGS,                     1: 03 CV F 5294 REC DLB P

12                    Plaintiff,        _____**SECOND SCHEDULING ORDER**

13        vs.                          <u>Trial Date</u>:   September 27, 2005 at 9:00 a.m.
                                                         in Courtroom 1 before the
14   A.ADAMS, et.al.,                                    Honorable Robert E. Coyle

15               Defendants.            <u>Hearing Date</u>: August 12, 2005 at 2:00 pm.
                                                         in Courtroom 5 before the
16   _____/                   Honorable Dennis L. Beck

17

18        Plaintiff Patrick Cummings ("Plaintiff") is a state prisoner proceeding pro se in a civil rights

19   action pursuant to 42 U.S.C. § 1983.  This action is proceeding against defendants Adams, Barbiero,

20   Duvall, Villalobus, Ruff, Hegge, Cote, Jaramillo and Gabaldon ("defendants") on the second, third and

21   fourth claims in Plaintiff's complaint, filed March 11, 2003.  Pursuant to Rule 16(b) of the Federal Rules

22   of Civil Procedure, the court will, by this order, set a further schedule for this litigation.

23        The parties are required to file pre-trial statements in accordance with the schedule set forth

24   herein.   In addition to the matters already required to be addressed in the pre-trial statement in

25   accordance with Local Rule 16-281, Plaintiff will be required to make a particularized showing in order

26   to obtain the attendance of witnesses.  The procedures and requirements for making such a showing are

27   outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below

28   may result in the preclusion of any and all witnesses named in his pre-trial statement.

1

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1.   Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily – An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pre-trial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name and address of each such witness; and (2) be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by affidavit that the prospective witness has actual knowledge;

or (2) the party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

2.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily -- If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily – It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

4.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily -- If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the Court a subpoena for service by the Marshal upon the witness.  (Subpoena forms may be obtained from the Clerk of the Court upon notification to the Clerk of the name of the party or parties to be subpoenaed).  Also, the party seeking the witness' presence must tender an appropriate sum of money for the witness with the subpoena.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness' travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00.  As noted earlier, because no statute

1   authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and

2   travel expenses is required even if the party was granted leave to proceed in forma pauperis.

3          The parties are advised that failure to file pre-trial statements as required by this order may result

4   in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

5          Accordingly, the court HEREBY ORDERS as follows:

6          1.      This matter is set for jury trial before the Honorable Robert E. Coyle on September 27,

7   2005 at 9:00 a.m. in Courtroom 1;

8          2.      This matter is set for telephonic trial confirmation hearing before the Honorable Dennis

9   L. Beck on August 12, 2005 at 2:00 p.m. in Courtroom 5;

10         3.      Counsel for Defendants is required to arrange for the participation of Plaintiff in the

11  telephonic trial confirmation hearing and to initiate the telephonic hearing at (559) 498-7538;

12         4.      Plaintiff shall serve and file a pre-trial statement as described in this order on or before

13  July 15, 2005;

14         5.      If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and

15  file, concurrent with the pre-trial statement, a motion for attendance of incarcerated witnesses as

16  described in this order;

17         6.      Defendants shall serve and file a pre-trial statement as described in this order on or before

18  July 29, 2005; and

19         7.      Defendants are required to submit with their pre-trial statement an additional copy on 3.5

20  inch computer disk formatted for WordPerfect 10.0 directly to the chambers of the hearing judge for the

21  telephonic pre-trial conference, which disk will not be returned unless the party so requests and provides

22  a self-addressed stamped mailing container or envelope.

23

24         IT IS SO ORDERED.

25  **Dated:   June 10, 2005**              **/s/ Dennis L. Beck**
    3b142a                        UNITED STATES MAGISTRATE JUDGE
26

27

28

4