IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FRANCIS CUMMINGS, | 1: 03 CV F 5294 DLB P |
| Plaintiff, | <u>       </u>**ORDER RESETTING TRIAL** |
| vs. | <u>Trial Date</u>:   November 1, 2005 at 9:00 a.m. in Courtroom 5 before the Honorable Dennis L. Beck |
| A.ADAMS, et.al., | |
| Defendants. | <u>Trial Confirmation Hearing</u>: September 27, 2005 at 10:00 a.m. in Courtroom 5 before the Honorable Dennis L. Beck |

Plaintiff Patrick Cummings ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Villalobus, Ruff, and Hegge ("defendants") on the second, third and fourth claims in Plaintiff's complaint, filed March 11, 2003. On September 2, 2005, the Court held a Telephonic Trial Confirmation Hearing. Attorney David Carrasco appeared for Defendants and Plaintiff appeared pro se. The court will, by this order, set a further schedule for this litigation.

At the hearing. the issue of consent to proceed before the United States Magistrate Judge was discussed. **Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties consented to proceed before the United States Magistrate Judge for all purposes.**

Accordingly, based on the parties' representations and agreements at the hearing, the Court HEREBY ORDERS as follows:

1. This matter is set for jury trial before the Honorable Dennis L. Beck on **November 1, 2005 at 9:00 a.m. in Courtroom 5;**

2. This matter is set for Telephonic Trial Confirmation Hearing before the Honorable Dennis L. Beck on **September 27, 2005 at 10:00 a.m. in Courtroom 5**;

3. Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at (559) 498-7538;

4. The parties need not file additional pre-trial statements unless there has been a change from the pretrial statements previously filed.

5. Plaintiff shall attempt to contact his incarcerated witnesses Feldman and Clark to determine if they are willing to testify at trial. Plaintiff shall thereafter advise Defendants and the Court so that arrangements can be made for their presence at trial if appropriate.

6. Defendants intend to call Dr. Davis as a witness at trial and he will therefore be available for Plaintiff to cross examine. Should Defendants decide not to call Dr. Davis as a witness they shall so notify Plaintiff in time for Plaintiff to determine whether to subpoena him for trial.

7. Defendants shall attempt to obtain the March 22, 2002 audio tape of defendant Villalobos' interview with Plaintiff. Defendants shall also attempt to obtain the April 20, 2001 videotape of Plaintiff. Defendants shall provide the audio and video tapes to Plaintiff prior to trial if possible.

8. The parties agree that the documents in Plaintiff's medical record shall be admissible at trial and therefore MTA Silva and Dr. Nicholson will not be called as witnesses.

9. Plaintiff withdraws his request to call the transport officers as witnesses.

10. Plaintiff agrees that the custodians of records for Defendants' exhibits (plaintiff's cell movement history, plaintiff's medical records, time records for Ruff and audiotape of Villalobos' interview with plaintiff) will not be necessary for authentication of the

1  exhibits.

2  11.  Plaintiff's request for the appointment of an expert is DENIED.

3  12.  Plaintiff's request for judicial notice is DENIED.

4  13.  All further matters relating to the trial shall be discussed at the Telephonic Trial
5  Confirmation hearing on September 27, 2005.

6  14.  Plaintiff is reminded that if he seeks to have any unincarcerated witnesses subpeoned for
7  trial, he must submit, in addition to the names and addresses of the witnesses, the
8  appropriate sum of money for each witness. In the case of an unincarcerated witness, the
9  appropriate sum of money is the daily witness fee of $40.00 plus the witness' travel
10  expenses. It appears that many of the unincarcerated witnesses listed by plaintiff are
11  employed at California Substance Abuse Treatment Facility in Corcoran, California. The
12  round trip mileage from SATF to the United States District Court in Fresno is 130 miles
13  (65 miles each way). The allowable mileage rate is $.405 per mile for a total mileage fee
14  per witness of $52.65. Accordingly, for each witness plaintiff must submit a money
15  order or cashiers check in the amount of $92.65 ($40.00 witness fee plus $52.65 travel
16  expenses). The money order or cashiers check must be made payable directly to the
17  witness. A subpoena will not be served by the United States Marshal upon an
18  unincarcerated witness unless the subpoena is accompanied by a money order or cashiers
19  check made payable to the witness for the full amount of the witness' travel expenses plus
20  the daily witness fee of $40.00.

21  IT IS SO ORDERED.

22  Dated:  September 7, 2005                    /s/ Dennis L. Beck
  3b142a                                      UNITED STATES MAGISTRATE JUDGE