UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FRANCIS CUMMINGS,<br><br>            Plaintiff,<br><br>    v.<br><br>D. ADAMS, et al.,<br><br>            Defendants. | CV F- 03-5294 REC DLB P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY VERDICT AND COSTS PENDING APPEAL<br>(DOC 159) |

Plaintiff is a state prisoner proceeding pro se and with a civil rights action pursuant to 42 U.S.C. section 1983. Following a jury trial, on November 9, 2005, judgment was entered in favor of defendants and against plaintiff pursuant to the jury verdict rendered on November 4, 2005. On November 16, 2005, plaintiff filed a Notice of Appeal. On November 16, 2005, plaintiff also filed a motion to stay the verdict and costs pending appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A).

**DISCUSSION**

The filing of a notice of appeal does not act to suspend execution or enforcement of a judgment; a stay must be applied for and granted. Federal Rule of Appellate Procedure 8 provides that an application for stay of a judgment must first be made in the district court. Fed.R.App.P.8(a). Federal Rule of Civil Procedure 62 governs the powers of the district court to grant stays and

1  injunctions. Fed.R.Civ.P. 62. Subject to certain exceptions, a federal court judgment is
2  automatically stayed for 10 days after its entry. Fed.R.Civ.P. 62(a). A party may move to stay
3  enforcement of a judgment while the court considers various post trial motions including a motion
4  for a new trial. Fed.R.Civ.P. 62(b). When an appeal is taken, the appellant may obtain a stay by
5  obtaining a supersedeas bond. Fed.R.Civ.P. 62(d).

6      Plaintiff moves for an "order granting plaintiff's motion to stay verdict and costs of the
7  November 4, 2005 trial." Plaintiff does not elaborate or explain the basis for his motion. To the
8  extent plaintiff seeks to stay entry of judgment, the motion is moot as judgement was entered on
9  November 9, 2005. Moreover, judgment was entered for defendants and consequently, there is no
10 pending enforcement of judgment against plaintiff to which a stay is necessary. To the extent
11 plaintiff seeks a stay preventing the award of costs to defendants as the prevailing party, plaintiff is
12 advised that defendants have not filed a cost bill as required by Local Rule 54-292 which states that
13 the prevailing party must file their cost bill within 10 days of the entry of judgment. Accordingly,
14 there is no cost bill before the court. In short, plaintiff's motion is unsupported and unnecessary.
15 Accordingly, plaintiff's motion to stay the verdict and costs pending appeal is HEREBY DENIED as
16 unnecessary and futile.

17     IT IS SO ORDERED.

18     **Dated:**   **December 15, 2005**              **/s/ Dennis L. Beck**
    3b142a                                               UNITED STATES MAGISTRATE JUDGE